IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JOE CURTIS HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:20-CV-1016-RAH-KFP |
| | ) | |
| STEVEN T. MARSHALL, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff filed this lawsuit based on Defendants' enforcement of sex offender registration requirements against him. The Complaint contains three claims under 42 U.S.C. § 1983, labeled as "Illegal Protective Custody Demand," "Illegal Seizure/ Imprisonment," and "Malicious Prosecution," and a fourth count labeled "Negligence/ Wantonness/Malice/Deliberate Indifference." It also contains a Motion for Preliminary Injunction. Upon consideration of the motion, the undersigned recommends that it be DENIED.

A preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries the burden of persuasion as to all prerequisites. *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp. Inc*., 887 F.2d 1535, 1537 (11th Cir. 1989) (stating that a preliminary injunction is issued only when "drastic relief" is necessary); *Texas v. Seatrain Int'l, S.A*., 518 F.2d 175, 179 (5th Cir. 1975) (recognizing that granting a preliminary injunction "is the exception rather than the rule" and that movant must clearly carry the burden of persuasion). The decision to grant or deny a

preliminary injunction "is within the sound discretion of the district court." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002).

A court may grant a preliminary injunction only if a plaintiff demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) irreparable injury will occur if the injunction is not granted; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. *Siegel v. LePore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (en banc). A movant must clearly establish the burden of persuasion as to the four requisites. *Am. C.L. Union of Fla., Inc. v. Miami-Dade Cty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citing *All Care Nursing,* 887 F.2d at 1537 (quotation marks omitted)). Failure to show any of the four factors is fatal. *Id.*; *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994) (stating that moving party's failure to demonstrate a substantial likelihood of success on the merits will defeat the party's claim, regardless of the ability to establish the other elements); *Siegel,* 234 F.3d at 1176 (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

After a review of the Complaint and Plaintiff's motion, the Court finds that Plaintiff has failed to demonstrate a substantial likelihood of success on his claims. He claims to have satisfied this requirement because "the complained of conduct violates the ex post facto clause, the 5th, 8th and 14th Amendments and other state and federal laws and regulations." Doc. 1 at 12. However, this conclusory statement is insufficient, particularly in light of Eleventh Circuit precedent rejecting similar challenges to the Alabama and

federal sex offender registry statutes. *See Windwalker v. Governor of Ala.*, 579 F. App'x 769 (11th Cir. 2014) (holding Alabama's statute did not violate the Ex Post Facto Clause, violate plaintiff's substantive due process rights or the Equal Protection Clause, or burden the exercise of religious freedom of a sex offender); *United States v. Sewell*, 712 F. App'x 917, 919–20 (11th Cir. 2017) (rejecting challenge to SORNA in case where plaintiff argued that condition of supervised release requiring him to register as sex offender violated the Ex Post Facto Clause of the U. S. Constitution because it amounted to unconstitutional retroactive punishment and made punishment for two previous offenses more burdensome); *United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) (holding that SORNA's registration requirement does not violate the Ex Post Facto Clause because it is nonpunitive as applied).

Although failure to satisfy the first prerequisite is alone sufficient to deny a request for preliminary injunction, the Court also notes that Plaintiff has provided nothing but a recitation of the required elements to meet his burden of showing that irreparable injury will occur if an injunction is not issued and that the threatened injury outweighs the potential damage an injunction may cause. Because a preliminary injunction is the exception rather than the rule and the movant must clearly carry the burden of persuasion on all four prerequisites, Plaintiff's conclusory statements are insufficient to warrant granting a preliminary injunction.

Accordingly, the Magistrate Judge RECOMMENDS that the Motion for Preliminary Injunction (Doc. 1) be DENIED and that this case be referred back to the undersigned for additional proceedings. It is further

3

ORDERED that on or before **May 10, 2021**, the parties may file objections to the Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of April, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE