IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE CURTIS HARRIS,

Plaintiff,

v.

STEVEN T. MARSHALL, et al.,

Defendants.

CASE NO. 2:20-CV-1016-RAH-KFP

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, proceeding pro se, brings this 42 U.S.C. § 1983 action against several defendants, alleging violations of his constitutional rights stemming from a statutory requirement that he register as a sex offender. Upon review of the operative pleading under 28 U.S.C. § 1915(e)(2)[1], and for the reasons set forth below, the undersigned RECOMMENDS that this case be DISMISSED for failure to state a claim on which relief may be granted.

## I. BACKGROUND

Plaintiff initiated this action by filing a Complaint on December 11, 2020. Doc. 1. The initial Complaint alleged that Plaintiff was convicted of attempted rape in the state of Washington in 1988 and attempting to entice a minor in 1999 but that he was not required to register as a sex offender when sentenced. *Id.* at 3. However, he alleged that, since his

[1] Because Plaintiff is proceeding *in forma pauperis*, the Court must review his pleading(s) under 28 U.S.C. § 1915(e)(2)(B). Under that statute, the Court is required to dismiss a complaint proceeding *in forma pauperis* if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from such relief.

convictions, Washington, Georgia, and Alabama have enacted legislation requiring registration of sex offenders, which he argued imposes a "lifelong probation" that was not part of his original sentences. *Id.* Plaintiff alleged he was arrested several times for failure to register, and he claimed that the "ex post facto legislation" requiring registry of sex offenders added terms to his probation and imprisoned him by restricting his movements. *Id.* at 4. Accordingly, Plaintiff attempted to state several claims under 42 U.S.C. § 1983 against Alabama Attorney General Steve Marshall, Fredrick Albert, Yolanda Stokes, and Probation Officer A. Simmons.[2]

Upon review of the initial Complaint, the Court determined it was a shotgun pleading that failed to satisfy Federal Rules of Civil Procedure 8(a)(2) and 10(b). *See* Doc. 6. The Court specifically noted the Complaint's numerous pleading deficiencies, stating:

> In the first paragraph under each count, Plaintiff incorporates all preceding paragraphs of the Complaint, causing each count to carry all that came before and the last count to be a combination of the entire Complaint. The Complaint also includes vague allegations not obviously connected to a particular cause of action. In one of the federal court cases listed in the Complaint, Plaintiff was indicted and charged with violating the federal sex offender registration law,[3] but his Complaint also refers to legislation enacted by the states of Washington, Alabama, and Georgia. The Complaint does not specify whether Plaintiff's claims are based on the federal statute or one of the state statutes, and there is no indication that he has ever been charged under a state statute. Finally, Plaintiff is attempting to sue four individual defendants, but

[2] Plaintiff's claims were entitled "Illegal Protective Custody Demand"; "Illegal Seizure/Imprisonment"; "Malicious Prosecution"; and "Negligence/Wantonness/Malice/Deliberate Indifference." Doc. 1 at 5-9.

[3] Plaintiff did not include this fact in his Complaint, but the Court took judicial notice of the fact that the 2018 federal court case listed in the Complaint was filed in the Middle District of Alabama based on Plaintiff's indictment for violating the federal Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. 2250(a). *See Cash Inn of Dade, Inc. v. Metro. Dade Cnty.*, 938 F.2d 1239, 1243 (11th Cir. 1991) (recognizing that a district court may take judicial notice of public records within its files relating to the particular case before it or other related cases).

> the Complaint fails to identify specific conduct by each Defendant and, in fact, includes only conclusory statements that the "Defendants" harmed him.

*Id.* at 3-4. Because the Complaint failed to satisfy the pleading requirements of the Federal Rules, the Court directed Plaintiff to file an amended complaint "that cures the deficiencies identified above and fully complies with this Order and the Federal Rules of Civil Procedure" by May 7, 2021. *Id.* at 5. The Court warned Plaintiff that, "**[i]f the amended complaint fails to comply with this Order and the Federal Rules of Civil Procedure . . . the Magistrate Judge will recommend that the case be dismissed without prejudice.**" *Id.* (emphasis in original).

In June 2021, Plaintiff filed an untimely Amended Complaint.[4] Doc. 14. The undersigned accepts the Amended Complaint despite its untimeliness, making it the operative pleading in this action, and reviews it under 28 U.S.C. § 1915(e)(2) below.

## II. DISCUSSION

The Amended Complaint fails to improve upon the deficient initial Complaint; to the contrary, it is far more difficult to understand, fails to identify any defendants, and fails to state virtually any factual allegations. It begins by reciting the Preamble to the United States Constitution. Doc. 14 at 1. Beneath that copied and pasted text, Plaintiff asserts—without any accompanying factual support—that unidentified defendants violated his rights under Article 1, Sections 9 and 10 of the Constitution. *Id.* Then, under a heading entitled "WHAT CONSTITUTES PUNISHMENTS," Plaintiff "asserts that his

[4] Plaintiff filed a motion for extension (Doc. 9), which the Court granted (Doc. 10), making Plaintiff's Amended Complaint deadline May 31, 2021. However, Plaintiff did not file his Amended Complaint until June 2, 2021. *See* Doc. 14.

punishment is illegally increased by legislative Acts and enforced by the defendants long after completion of Sentence in 1987 and 1998." *Id.* at 1-2. He vaguely and conclusively alleges that unknown defendants "violated the statutory and Constitutional Rights of plaintiff" despite him making "defendants aware that [he] was shielded by God, under the Constitution of the United States." *Id.* at 2. The Amended Complaint remains a shotgun pleading that fails to satisfy Federal Rules of Civil Procedure 8(a)(2) and 10(b).[5]

First, Plaintiff fails to name a single defendant in the body of the Amended Complaint. Instead, like in his initial Complaint, he makes only conclusory statements that "Defendants" collectively harmed him—without identifying any of those Defendants—and he names only Steve Marshall in the case caption. Even construing the Amended Complaint liberally, as the Court must, this failure to name *any* specific defendants or identify *any* specific actions or omissions by each that allegedly harmed Plaintiff wholly fails to satisfy the Federal Rules. *See Kabbaj v. Obama*, 568 F. App'x 875, 880 (11th Cir. 2014) ("[T]he complaint refers to the defendants collectively, making it impossible to identify which particular defendant engaged in what allegedly wrongful conduct. In other

[5] Under these Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While detailed factual allegations are not required, a plaintiff must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To state a viable claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555 (noting that, although a court must accept all factual allegations in a complaint as true at the motion to dismiss stage, it need not "accept as true a legal conclusion couched as a factual allegation")).

words, [the] fourth amended complaint is a classic shotgun pleading.[] As such, it does not comply with Rule 8(a), and the district court properly dismissed it.").

Second, Plaintiff fails to state virtually any comprehensible factual allegations. Instead, he simply makes legal conclusions that his rights were violated without any accompanying detail of any kind, such as how his rights were violated, when, where, or by whom. As noted above, the initial Complaint indicated that Plaintiff took issue with later having to register as a sex offender based upon convictions in 1988 and 1999, at which time there was no such requirement. *See* Doc. 1. The Amended Complaint fails to state the same allegations with any clarity[6], making Plaintiff's specific grievance(s) wholly unclear, and Plaintiff cannot rely on the allegations in the initial Complaint. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("[A]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary."). Moreover, even if he could rely on those allegations, the Court has already informed Plaintiff they were insufficient in part because they failed to identify whether Plaintiff's claims were based on a federal statute or a Washington, Alabama, or Georgia statute.[7] *See* Doc. 6 at 4.

---

[6] The only two statements in the Amended Complaint that indicate Plaintiff is seeking to assert the same grievance as in his initial Complaint are that "his punishment is illegally increased by legislative Acts . . . long after completion of Sentence in 1987 and 1998" and that he "provided judgement and sentence documents [d]etailing completion of sentence in 1987 and 1998 cases [a]nd the[re] was no court order requiring plaintiff [to] register." *See* Doc. 14 at 2. There is, however, no mention of any detail such as which legislative act(s) Plaintiff seeks to contest; whether the offenses for which Plaintiff was sentenced in 1987 and 1998 were sex offenses (and, indeed, whether these are the same sentences referenced in the initial Complaint, which allegedly took place in 1988 and 1999); or whether the registry Plaintiff briefly references is a sex offender registry.

[7] To the extent Plaintiff attempts to claim that either the Alabama or federal sex offender registry statutes violate the Ex Post Facto Clause of the United States Constitution, the Eleventh Circuit has previously

Because the Amended Complaint contains only "labels and conclusions" and "naked assertions devoid of further factual enhancement," it fails to state a claim to relief that is plausible on its face. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555, 557). Indeed, it is made up of legal conclusions couched as factual allegations, which do not allow the Court to draw a reasonable inference that any of the collective "Defendants," even if they were identifiable, are liable for the misconduct alleged. *See id.* (citing *Twombly*, 550 U.S. at 556). Thus, even construing the Amended Complaint liberally and holding it to a more lenient standard than that of one written by an attorney, it fails to state a claim on which relief may be granted. *See Barnett v. Lightner*, No. 13-482, 2014 WL 3428857, at *2 (S.D. Ala. July 15, 2014) (noting that a court "does not have 'license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action.'") (quoting *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## III. CONCLUSION

The Court expressly notified Plaintiff of the deficiencies in his initial pleading and gave him an opportunity to file an amended pleading curing those deficiencies. *See* Doc. 6. Plaintiff wholly failed to do so, and his Amended Complaint remains an impermissible shotgun pleading that fails to state a claim against a single defendant. *See Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015) (noting that the unifying

---

rejected such claims. *See Windwalker v. Governor of Ala.*, 579 F. App'x 769 (11th Cir. 2014) (holding Alabama's statute did not violate the Ex Post Facto Clause); *United States v. Sewell*, 712 F. App'x 917, 919–20 (11th Cir. 2017) (holding SORNA did not violate the Ex Post Facto Clause in case where plaintiff argued that condition of supervised release requiring him to register as sex offender amounted to unconstitutional retroactive punishment and made punishment for two previous offenses more burdensome); *United States v. W.B.H.*, 664 F.3d 848, 860 (11th Cir. 2011) (holding SORNA's registration requirement did not violate the Ex Post Facto Clause because it is nonpunitive as applied).

characteristic of all shotgun pleadings is the failure to adequately notify a defendant of a claim or the grounds upon which a claim rests). The Court also previously warned Plaintiff that if his amended pleading failed to comply with the Court's Order to Amend or the Federal Rules of Civil Procedure, the undersigned would recommend that his case be dismissed without prejudice. Doc. 6 at 5.

Accordingly, the undersigned RECOMMENDS that the Amended Complaint (Doc. 14) be DISMISSED under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted.

It is further ORDERED that:

On or before **January 10, 2022**, the parties may file objections to this Recommendation. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resol. Tr. Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 27th day of December, 2021.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE