IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE CURTIS HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No: 2:20-cv-1016-RAH-KFP ) |
| STEVEN T. MARSHALL, *et al.*, | ) ) |
| Defendants. | ) |

# ORDER

This case is before the Court on a Report and Recommendation of the Magistrate Judge entered on December 27, 2021. (Doc. 20.) The Magistrate Judge recommended that this case be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff Joe Harris, proceeding *pro se*, filed timely objections to the Recommendation. (Doc. 21.) The Court has conducted an independent and *de novo* review of the record in this case. *See* 28 U.S.C § 636(b). Upon this Court's review and consideration of the arguments set forth in Harris's objections, the Court agrees with the Magistrate Judge's findings and analysis.

# STANDARD

When a party objects to a magistrate judge's report and recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1). The

1

district court "may accept, reject, or modify the recommended disposition; receive further evidence; or resubmit the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990). If the party does not object to specific factual findings, the Court reviews them only for clear error. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

## DISCUSSION

The Court has carefully reviewed the record in this case, the Recommendation of the Magistrate Judge, and Harris's objections. This is a 42 U.S.C. § 1983 action in which Harris alleges that the Defendants violated his rights by subjecting him to sex offender registration requirements that were not part of the original sentences following his convictions for sex offenses in 1988 and 1999. (Docs. 14 and 21.)

Harris filed his initial Complaint on December 11, 2020 (Doc. 1) along with a Motion for Preliminary Injunction. Upon review of Harris's initial Complaint, the Magistrate Judge determined it was a shotgun pleading which contained numerous deficiencies and failed to satisfy federal pleading requirements. This Court agreed and adopted the Magistrate Judge's Recommendation that the Motion for Preliminary Injunction be denied. (Doc. 13.)

2

Harris was granted leave to file an amended complaint, but the Court warned that if his amended complaint failed to comply with the Federal Rules of Civil Procedure, his case would be recommended for dismissal. (Doc. 6.) Harris filed his Amended Complaint on June 2, 2021 (Doc. 14) and shortly thereafter appealed the denial of his preliminary injunction motion[1] (Doc. 15).

Harris's Amended Complaint begins by quoting the preamble to the United States Constitution. Beneath that text, without naming any defendants or tying any factual assertions to any particular defendant, Harris makes vague and conclusory allegations that these unidentified defendants violated various articles of the Constitution and Harris's statutory rights. (Doc. 14 at 1.)

Upon review of this new filing, the Magistrate Judge concluded that dismissal was appropriate because Harris's Amended Complaint does not improve upon the deficiencies within his initial Complaint. To the contrary, the Magistrate Judge noted, the Amended Complaint is far more difficult to understand, fails to name any defendants within its body, and fails to state virtually any factual allegations. (Doc. 20 at 4.)

Harris objects to the Recommendation on the grounds that his initial Complaint identified numerous defendants and set out how those defendants worked together to curtail and restrict Harris's liberty. (Doc. 21 at 1-2.) Harris then reminds

---

[1] Harris's appeal was dismissed for want of prosecution when he missed the deadline to file an appendix. (Doc. 19.)

the Court that it is to construe *pro se* pleadings liberally and concludes with a restatement of his claim that sex offender registration requirements cannot be retroactively applied.

Included with Harris's objections is a 16-page document that appears to be a brief written for the purposes of appealing the denial of his Motion for Preliminary Injunction. (Doc. 21 at 4-19.) Harris also attaches 74 pages of "supporting documents" that consist of the record from his appeal and printouts of various statutes that are annotated with handwritten notes and markings. (Doc. 21-1.)

Harris's objections and the documents attached in support thereof do not adequately address the Magistrate Judge's thoughtful and thorough analysis of Harris's Amended Complaint. Harris's references to his initial Complaint do not cure the issues with his Amended Complaint. As the Magistrate Judge correctly noted, an amended complaint does not act to supplement an initial complaint, it replaces it, and the original complaint is deemed abandoned. *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Circ. 2007). And, as the Magistrate Judge explained, even if Harris could rely on the allegations in his initial Complaint, the Court has already informed him that those allegations are insufficient. (Doc. 6.)

Instead, to determine whether or not Harris's allegations are sufficient to state a claim upon which relief can be granted, the Court looks to the Amended Complaint as the operative pleading. Even construing it liberally, Harris's Amended Complaint

4

does not comply with federal pleading standards, does not allege specific causes of action, does not identify any particular statute that any particular defendant violated, and does not provide any factual basis for Harris's vague assertions. (*See* Doc. 14.)

After independently reviewing the record and pending objections, and because the Court agrees with the Magistrate Judge's assessment of the Amended Complaint's failure to state a claim upon which relief can be granted, the Report and Recommendation is adopted in whole. Accordingly, it is ORDERED that:

1. The Plaintiff's Objections to the Recommendation (Doc. 21) are OVERRULED;
2. The Recommendation of the Magistrate Judge (Doc. 20) is ADOPTED; and
3. This case is DISMISSED under 28 U.S.C. § 1915(e)(2)(ii) for failure to state a claim upon which relief can be granted.

DONE this the 15th day of July, 2022.

                                /s/R. Austin Huffaker, Jr.
                                R. AUSTIN HUFFAKER, JR.
                                UNITED STATES DISTRICT JUDGE